The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Craig H. D. Armon presiding. Good morning, counsel. We'll call 4-23-0192, People of the State of Illinois v. Douglas Valentine. Could counsel for the appellant please state your name for the record? My name is Brian Carroll from the State Appellate Defender's Office, representing the appellant Douglas Valentine. Thank you, Mr. Carroll. Could counsel for the appellate please state your name for the record? Nicholas Atwood on behalf of the people of the State of Illinois. Thank you, Mr. Atwood. Mr. Carroll, you may proceed. Thank you, Your Honor. May it please the court, counsel, this court should reverse the circuit court and remand Valentine's post-conviction petition for second stage proceedings because the petition, taken as true and liberally construed, made an arguable showing that Valentine was denied his right to the effective assistance of both trial and appellate counsel, or alternatively, because Valentine's post-conviction counsel failed to provide him with reasonable representation. First, trial counsel was arguably ineffective for failing to investigate and utilize impeachment evidence that would have undermined M.B.'s credibility. Valentine informed counsel that during the period when the alleged sexual relationship between him and M.B. was supposedly taking place, M.B. had denied knowledge of him engaged in any inappropriate conduct when she was questioned as part of an investigation into rumors which proved to be unfounded that he had engaged in misconduct when part of a different water ski team. Although evidence of M.B.'s denial would have undermined the credibility of her later accusations against Valentine, trial counsel failed to investigate the matter at all. Second, counsel also failed to use text messages that were tendered during discovery, showing that M.B. had engaged or had suggested to a friend that they use Valentine's stripper pole and reassured the friend that Valentine would not want to watch them while they used it. This evidence would also have undermined M.B.'s credibility because it is unlikely she would have made such a suggestion had her allegations against Valentine, including those involving her using his stripper pole, were true. So, the failure to investigate and utilize impeachment evidence has been held to constitute ineffective assistance of counsel, that these allegations taken as true make an arguable showing that counsel's failure to use this evidence was objectively unreasonable. So M.B. wasn't impeached with any other testimony? What was that, your honor? M.B. was not impeached by any other testimony? This is the only thing that would have impeached her for credibility. And without it, then? No, your honor. She was impeached a number of times with other evidence. But this would have been, you know, building up the mountain of impeaching evidence was a closely balanced, he said, she said case. So, as much impeaching evidence, particularly a denial of any of her- Calling it closely balanced doesn't make it so. Excuse me? Calling it closely balanced doesn't make it so. Well, this was a he said, she said case. There was no physical evidence or any objective evidence proving or collaborating M.B.'s allegations. It was her word against his. Let's go back to your first claim. What's the first claim that you say wasn't properly raised? That would be the, M.B.'s denial when she was asked in the summer of 2008, I believe, whether or not she was aware of any misconduct or inappropriate behavior on Valentine's part. And she denied that. Let's say the state sought to introduce evidence through the victim that she had heard rumors that the defendant had previously engaged in inappropriate behavior with minors. Do you think that would have been objected to? I mean, if this, the state just brought it up, yes, I think that would, that would affect. So you're saying, though, that that wouldn't have been something that might actually be somewhat prejudicial to the defendant and probably was a good trial tactic not to raise? I don't think so, your honor. Because do you think a jury would have considered the fact that there's other rumors of other minor victims out there? And just because this girl says she doesn't know about that, that's not going to somehow affect their decision making in this case? Well, it was not just evidence of rumors. It's evidence that rumors had been proven to be untrue. You don't get to, you don't get to bring that out. And that wouldn't have come out either way. Well, how are you going to establish that? Well, let me backtrack, your honor. I think if counsel had properly investigated these matters, then if the state tried to bring it up, these rumors, I think he probably would not have objected because he would necessarily would have to front at least some information that the rumors existed in order to raise, to bring up this impeachment evidence. And whether or not the evidence of the rumors would, any prejudicial effect they might have would outweigh any, the probative value of entering evidence of her denial. And counsel could not make that determination without first investigating the evidence to see exactly what was out there. And without that, he was not able to make that balancing. So without conducting a reasonable investigation into the matter, his failure to raise it cannot be assumed to be a sound trial strategy. And the record is silent as to whether, as to why counsel didn't bring it up. As far as this record is concerned, it might be because in most instances, I can't think of too many competent criminal defense lawyers who want to bring up the fact that their client is rumored to have engaged in sexual episodes with other minors, uncharged and not otherwise being tested in court. Well, again, Your Honor, we don't know exactly everything about what evidence was out there. And this is not just rumor, evidence of rumors. It's evidence of rumors that were proven to be untrue and was accompanied by a denial. How are you going to present evidence that they're proven to be untrue? How does that matter? How can you present? What evidence, what possible evidence can you present to establish that these rumors are, quote, proven to be untrue? Well, they would be able to bring in the context of the evidence. There would be the evidence of the investigation, and the final result of the investigation was concluded. You're talking about a whole mini trial on uncharged, unproven conduct that you want to parade in front of a jury who's going to be listening to a minor victim talking about sexual episodes with this defendant. Not at all, Your Honor. Yeah, the actual, none of the details of the rumors have to come in at all. Well, to me, that makes it even worse. With all due respect, counsel, and I know sometimes people say that and don't really mean it. Have you prosecuted or defended any criminal sexual assault cases in front of a jury? Your Honor, in this case... It's a simple question, because it has to do with a level of experience that I'm just asking you about first before I ask the next question. Because I'm not familiar with you, and you're not familiar with me, so I just need to ask. I have not tried any sort of sexual offense case on the trial level, no, I have not. Here's the reason I ask, because the dynamics of these cases are such that I can't envision, after 25 years of criminal trial experience as a prosecutor and defense attorney, 17 years on the trial bench, I can't envision any defense attorney wanting to bring in more evidence that would at least start jurors thinking, wait a minute, there's been other rumors about this guy? This guy's been involved with other minors? Well, they're saying that they were unproven. Well, how do we know that they're unproven? Does it just mean that it didn't get charged? Does that mean that somebody just refused to testify? I really can't. When I read this argument, I thought to myself, I can't envision any competent criminal defense lawyer actually wanting to bring this out. The fact that the defendant has decided that for some reason, he thinks this would be to his benefit, in my opinion, defies all reasonable logic in criminal defense of child sexual assault cases, and would be the last thing you would want presented. If the state tried to bring this out, you would have been screaming bloody murder. You can't bring this out on my client, you can't be having the jury hear about possible rumors of stories of investigations of other allegations with other minors that are uncharged, unproven. I'm really wondering what makes you think this is a good argument? All I can say is in this case, counsel didn't investigate the matter. We don't know exactly the full details of her denial. Based on this record and what we know, counsel did not investigate the matter. He could have made the strategic decision based on a lack of investigation. Moving on, this is not the only thing we have. Counsel also failed to investigate the text messages that were made very unlikely that Enby would have made suggestions of using Valentine's stripper pole if her allegations were true. Why would that be unlikely? If she felt that he was a sexual predator or someone who was a threat in some ways. Nobody says that child victims of sexual assault who are being victimized by persons of trust or some level of falseness see them as sexual predators or that they feel weren't given that opportunity in this case because counsel failed to introduce this evidence. Valentine doesn't have to prove that this evidence absolutely would have changed the outcome of the trial. It is arguable that this could have influenced the jury's determination of credibility and that it was arguable that it was improper for counsel to fail to use it. Again, this is a first stage post-conviction case. He doesn't have to prove everything up at this point because he has to make an arguable case. This is evidence that arguably could have changed the jury's mind and therefore it's arguable that counsel was ineffective for failing to introduce it. Counsel was also arguably ineffective for failing to file the pre-trial motion to dismiss the counts charging criminal sexual assault for failing to comply with section 111-3 of the Criminal Code of Criminal Procedure by not adequately setting forth the nature of the offense and appellate counsel was arguably ineffective for not raising this issue on direct appeal. The criminal sexual assault counts asserted that Valentine held the position of trust, authority, and supervision in relation to M.D. but did not allege any facts indicating that he in fact held such a position. Under the holding of People v. Sparks, merely parodying the statutory language was not sufficient to comply with section 111-3 and therefore the failure to allege facts specifying the particular nature of Valentine's relationship with respect to M.D. was fatal to the indictment. Therefore, it's at least arguable that counsel should have recognized the flaw in the indictment and moved to dismiss the counts. Does this even prejudice the defendant at all when his defense in this case was the sex acts didn't even happen so whether he's in a position of authority or supervision does that even matter when he denies that it happened at all? Well, your honor, this doesn't have anything this issue has nothing to do with evidence that's introduced at trial. Had counsel raised this issue and it was denied, nothing would have prevented him from raising the defense that he did at trial. It doesn't make any sense to forego an opportunity to have those counts wiped out prior to trial and instead just rolling the dice and hoping that the trial goes your way. So yes, he was prejudiced by this. Had he filed the motion, the motion would have been granted under the holding in Sparks and on the record we have it's arguable that the state wouldn't have adequately amended the indictment where the state never articulated how it believed Valentine held the position of trust authority or supervision over M.B. other than there's pointing out that he was an adult and she was a minor. However, the ages of the defendant and the complaint are a separate statutory element of the offense than the trust authority or supervision element. Therefore, it requires something more and the state never articulated that something more below. So at least it's at least arguable that those counts would have been dismissed had trial counsel raised that at or had filed a pretrial motion to dismiss those counts. And final ineffective assistance claim that appellate counsel was arguably ineffective for failing to argue that the state failed to prove beyond a reasonable doubt that Valentine held a position of trust and authority or supervision in relation to M.B. Valentine was not M.B.'s coach or babysitter. He did not financially support her in any way and most importantly the record shows that M.B. viewed him as just a friend not any sort of authority figure. Now the reasoning behind the statute is that minors tend to obey those they view as being in positions of trust authority or supervision and therefore the minors would be more vulnerable to those position those people. It therefore follows that if the complainant did not view the defendant as holding a position of trust authority or supervision over her then the circumstances for which the statute was intended to apply don't exist and that's what we have in this case. M.B. never how do you recognize or reconcile what you just said with uh the defendant's testimony that uh he was trying to be a big brother an uncle a protector um he was he sometimes treated her as a niece and sometimes sometimes kind of like a daughter and then also testified that he was her chaperone on some of these outings were the alleged sex abuse took place. Well it's Valentine's position that it is uh M.B.'s view of him that's important because if she doesn't view him as uh some sort of authority figure then the the vulnerability and the danger that the statute was intended to um uh protect against isn't there so it doesn't matter what uh her parents or what Valentine thought it's what M.B. thought and this record shows that she just treated him like like a friend she never described him as anything other than a friend their text conversations uh demonstrated that they interacted more like two teenagers uh so on sexual assault cases involving a position of trust or supervision the victim's perspective alone makes that determination I believe uh and there's uh there's no case uh specifically stating that but I believe it that it that is what follows from the the reasoning behind the statute uh and you know it will be sector so in reality if a person if a person under no other circumstance would be construed as being in a position of trust supervision or authority if the victim sees it that way then that's enough well so I think if the person held an official position like a coach a teacher um something like that because that no because your your point was it's the victim's state of mind so let's discount what their actual position is in fact let's assume for a minute that they do not fall under any of those other criteria if the victim perceives them as a person of that position then that's that's what your argument is actually yeah yes your honor it is it is the uh the victim's uh it's the victim's state of mind that's okay if that's your logic then it's irrelevant as to whether there's any further description of the position of trust supervision of authority in the charge because it's irrelevant you've just made it irrelevant by indicating that it's the victim's state of mind has nothing to do with what the state charges or how they plead it correct I disagree your honor wait a minute you can't have it both ways you've just said it has to be you've said it has to be charged and it has to be laid out specifically what that position is but then on the other hand you've now argued no it doesn't matter what the what the reality of the position is it's what the victim's state of mind is those not those are not consistent uh I believe they are consistent your honor because this indictment is not again it's not setting forth all the evidence at trial so if the state's theory is that the the defendant fits the fits one of these positions because they're the complainant's coach then that would satisfy section 111-3 however if at trial the evidence came out that the victim did not view the that their actual relationship between the victim and the defendant did not fit a position of trust authority or supervision then I believe there would be grounds for an acquittal okay well I took you past your time and I apologize you will be given an opportunity to respond on the rebuttal Mr. Atwood good morning your honors counsel may it please the court my name is Nicholas Atwood and I represent the people of the state of Illinois the trial court properly dismissed defendant's petition at the first stage because defendant raised no issues that even stated the gist of a constitutional claim I'd like to begin by addressing the most recent issue that your honors discussed with defense counsel and that's the issue of whether the indictment was fatally flawed for failing to state the specific basis for how defendant was in a position of trust supervisory or authority with the victim the first problem with defendant's argument is that his reliance on sparks for the failing to file a motion to dismiss because the sparks court granted that motion but procedurally sparks is different than the case we have before us first of all sparks was a state appeal so the state filed an interlocutory appeal challenging the dismissal of those of that indictment by the trial court the trial court or the appellate court affirmed the dismissal but that wouldn't have prevented the state from re-indicting the same charges with a specific allegation related to how the defendant was in that particular position that's exactly what was noted in the Frazier case so if we work backwards and we imagine a scenario where defense counsel filed for a motion of a bill of particulars or filed for a motion to dismiss if the court had granted it the state would have been able to easily amend the indictment because defendant was under no surprise and they could have done so all the way up to the eve of trial and it doesn't allege a new offense it simply amends an existing offense so by law the state maintained the ability to do that the premise of defendant's argument was that the state failed to allege or could not have alleged how that particular uh requirement of those elements would have been satisfied based on a couple of statements the state made in post-trial motions or perhaps in closing argument but that's not how we review these claims on a post-conviction petition the trial court can dismiss on any basis it's in the original record and as your honors have noted defense counsel's entire strategy was that this defendant was a good guy he had a close familial relationship he was a chaperone an uncle a brother he portrayed himself as this wonderful person who was a great friend and mentor to this particular victim and uh practically a member of their family so the record is replete with numerous examples of how this would have been satisfied by the state and so given the procedural nature of this being post-conviction this court can consider any one of those bases as a as a factor that establishes those elements of the indictment and that same evidence goes towards proving the element the the reasonable doubt the state proved those elements beyond a reasonable doubt so appellate counsel wasn't ineffective for raising that particular issue and uh defendant has has argued or promoted an extremely narrow view of people v reynolds when he contends that you have to look at this through the eyes of the victim the victim is a 14 year old child she is vulnerable to the influence of these people in positions of trust and authority precisely because she's so young so to place the burden on a child victim to be able to recognize the nature of the defendant's involvement with her and how that uh uh risks increasing her likelihood of being victimized is completely illogical and it would turn the whole purpose of the law upside down if we required victims to be able to identify these threats that's why these statutes exist and importantly that's reynolds didn't even say it has to be taken from the position of the victim it's it's clear what the evidence established the parents believed he was in that position defendant believed he was in that position the only person who didn't necessarily testify to that was the victim and that's because the victim was engaged in this inappropriate relationship with the defendant and she was clearly unable to differentiate um the risk that she was actually under the law is designed for her protection not for her to act as an agent of the law as defendant requests um with regard to the text messages so it's even more potentially prejudicial to the defendant if it's the state of mind of the victim that establishes the element of the offense in other words the aggravating factor is what the victim thinks so it wouldn't matter whether the person really didn't occupy one of those positions otherwise identified as a position of authority trust or supervision as long as she believes it according to counsel that's enough correct i think it certainly would lower the burden of proof uh the state would be required if all a victim had to do was subjectively testify um to a defendant's status whether there was any evidence to support that or not outside of the victim's own testimony um another issue i wanted to address was just with i think the trial court correctly found that you know first of all this basically lacks relevancy i don't believe there's any uh possibility based off the record that exists that there's a arguable reasonable probability of a different result if that gets admitted i think your honor has noted that there was significant evidence that would already party went to the issue of credibility with the victim but importantly the court said this lacks relevance and it's likely hearsay and that the court wouldn't have admitted it in the first place and it's important to note here the victim even testified that she had joked with her friends about being strippers in in it was either in the testimony or in some of the text messages she and her friends would joke about this defendant is asking the court to think that the jury would take literally the the victim's text message to this third party friend of hers that she would be willing to go over to the defendant's house and that he wouldn't be willing or he wouldn't be uh threatening to them when you know she's been hiding this abuse the entire time so of course he's not going to be frank in dealing with this friend of hers she's not going to joke oh we better not go there we'll probably get you know assaulted in some way that there's no way the jury would find this piece of evidence to be the cherry on top that would completely tip the scale of credibility so i think the trial court made that uh finding on its own and found that even if this was admitted there really wouldn't be a change in the result one of the other primary issues i also wanted to discuss was the rule 3.14 limiting instruction and the defendant has argued that his counsel was ineffective for not uh providing the for for allowing to be admitted an alternative instruction under 3.14 that removed the limiting language from that jury instruction but defendant's argument on this is sort of backwards logically and that's because defendant would not want to highlight this evidence for some limited purpose it was the defendant's contention throughout that this never happened and so this was actually a bit of a coup for defense counsel to get this modified instruction because it allowed the jury to consider it for any purpose which is it didn't happen at all if it's limited to motive intent or you know something of that nature that's under 3.14 it implicitly agrees that that conduct occurred this is not logical in the context of defendant's trial strategy and so this was a beneficial modification of that instruction because it allowed the jury to consider it for the fact that it did not happen if it was if the limiting language was included they could have only considered it for those limited reasons that are stated in the instruction and so this was a a good trial strategy employed by defense counsel to allow them to just completely deny that that event ever occurred and there are numerous cases that talk about the risk of using that limiting language because you're hemming in the jury's ability to consider that particular evidence and another issue that I wanted to briefly discuss was just the implication of people v tate on this case that's the Illinois Supreme Court case that stated that the trial court usually you can't consider like strategy in the context of a first stage post-conviction petition but what tate specifically said is that the trial court is not required to ignore the record that exists and in this case we had a trial court that issued frankly an extremely thoughtful written ruling dealing with the issues raised in this presided over the trial referred to the fact that this was good trial strategy and that it was evident from the record and so what tate specifically said there's a claim based on what would have been done may depend on proof of matters outside the record that's typically why we don't look at strategy because a lot of the times you'll need an evidentiary hearing to hear why counsel did something but from this record it is obvious as to why counsel made the strategic decisions that are being complained of now on appeal because you know with regard to the position of trust and supervision that was the basis of their strategy to make the defendant look like a good guy and for the same reasons of not wanting to limit the evidence related to the text messages do your honors have any other questions on the remaining issues if not the Mr. Carroll said that because this is a he said she said case it's closely balanced my question to you is a he said she said case necessarily closely balanced under case law this is an interesting question I've been grappling with this issue in several cases over the last few months and I didn't raise the particular argument in this case but under people v seve which is the Illinois Supreme Court case that discusses this you know is a he said she said presumptively closely balanced there is language that I can't quote to you directly but I can in supplemental briefing if you'd like that to me indicates it is not presumptively closely balanced because as a condition precedent both parties must be it doesn't matter if I say the sky is blue and someone else says the sky is pink and that's what the determination was based off of that doesn't mean the sky is pink that's not a credible bit of evidence so how can it be closely balanced simply because it's one person's testimony against another and so I believe the appropriate way to analyze that issue is first are both closely balanced but I do not believe or agree that evidence just because it is a he said she said testimonial in nature that it is presumptively closely balanced to answer your question well I appreciate that but there's not a case that actually says what you just articulated is that you it's an it's an interpretation of the of a direct line in seve and I can't quote it but sebi essentially said that they had determined that both were credible and then stated that evidence is closely balanced but the fact that they did first determine that both were credible indicates there should be an assessment of credibility before determining closely balanced I do not know if one of the previous cases I have made that argument in has issued a ruling on that I'm not 100 sure I might have to go back to people via luna that's another fourth district case that maybe five months ago or four months ago I did raise it in that case and would I would I be accurate if I said that you also argued in your brief that there are ever there is evidence to suggest that this is not actually simply a he said she said case that's correct there is evidence that much of the defendant's testimony did corroborate you know places times the only thing at issue was the actual abuse itself he wasn't denying that he was alone with her he wasn't denying that she was in his house or that she had seen the stripper pole like all it boiled down to the actual instances of the physical abuse being the disputed element thank you justice they are those are the only questions that I had all right I see no other questions thank you counsel Mr. Carroll rebuttal I'll be quick uh in terms of the last question about uh I believe there is a line in uh about uh that like neither side's uh testimony was like fantastical or something like that um but in this case we don't have a valentine's testimony was not fantastical he was not claiming that the sky was pink or brown um so the the distinction counsel's trying to make between at all he said she says cases are balanced just doesn't exist here um well Mr. Carroll wasn't also her mother said her father said and text messages indicated a disturbing length and particularity of conversations that they had between themselves over time well so it's not just he said she said her mother overheard him talking to the daughter and saying something about what the f I really want to do to buy that dress it was short and when you danced I'm sure everyone can see your hoo-ha yes and then listening to rather disturbing conversation that was being held and then you've got a significant number of text messages which although not descriptive of events definitely corroborate what the victim is saying has happened or is happening at times circumstances and the nature of the relationship seems disturbing to the parents that's all evidence that's outside of a he said he said she said isn't it well the it's all evidence of a spin on it that you want the prosecutor will put the spin on it that he wants my point is it is other evidence beyond just him saying one thing and she's saying another I mean it's evidence that they have a front friendship but it's not evidence that this uh that the um suggestion the assault she alleged uh happened took actually took place if you don't want to answer the question that's fine go ahead yeah well I I'm sorry your honor uh have to I understand it is extrinsic it is additional evidence period regardless of how you spin the evidence it is additional evidence beyond simply his saying he didn't and she's saying he did yeah I agree it's it's additional evidence but I don't think it uh in favor of either side okay good um then I'll just address the uh the unreasonable assistance post-conviction claim with the jury instruction um counsels as a sort of a windfall for uh defense counsel not to have an a limiting instruction given um I mean there's plenty of cases in that the failure to uh to seek a limiting instruction when other crime evidence uh is introduced is bad because it allows the jury to consider um what otherwise would not be propensity evidence as propensity evidence and that's what happened here and it's not a case where a counsel avoided the jury being you know uh the other crimes evidence being highlighted to the jury they were given an instruction that specifically told the jury that hey other crimes evidence was uh uh was introduced yet it didn't uh give any uh limiting testimony or limiting instruction to the jury so this so counsel's uh wanting to not highlight the uh this stripper pole incident just didn't uh his strategy didn't work it wasn't sound because the jury was uh the other crimes evidence was highlighted through this uh this um the modified version of 3.14 it would have been you know it better if no instruction was given at all than what uh counsel did um otherwise unless your honors have any other questions i'll uh arrest and just again ask that this court remand for second stage proceedings thank you all right i see no other questions thank you counsel we appreciate your arguments the court will take this matter under advisement the court stands and resits